IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK T. MANUEL, Jr.,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-05-1130 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **FRANK D. GILLIS, Superintendent,** | : | |
| | : | |
| Respondent | : | |

**MEMORANDUM**

## I.  Introduction

Petitioner, Mark T. Manuel, Jr., a state prisoner confined at the State Correctional Institution in Coal Township ("SCI-Coal Township"),[1] Pennsylvania, commenced this action with a *pro se* petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241.  Named as Respondent is SCI-Coal Township Superintendent Frank D. Gillis.  Petitioner claims that he was illegally extradited by federal authorities to a federal court in Virginia to face federal criminal charges. Petitioner asserts he was: (1) denied a hearing to challenge his extradition; (2) denied counsel to challenge his extradition; (3) denied due process in the extradition process;

---

[1] Although Petitioner is currently an inmate at a state correctional facility, the court concludes that he is "in custody" pursuant to a federal court sentence.  Whether he is serving his federal sentence concurrently with his state sentence, or his federal sentence has been lodged as a detainer, he is "in custody" for purposes of federal habeas review.  *See Lackawanna County District Attorney v. Coss*, 121 S. Ct. 1567, 1573 (2001).

and (4) threatened by the federal sentencing judge to waive his appellate rights.  (Doc. 1 at 3-5.)

## II.   **Background**

On February 10, 2004, Petitioner was arraigned on state criminal charges in the Philadelphia County Court of Common Please in Philadelphia, Pennsylvania.  (Doc. 1 at 4.)  During the arraignment, Petitioner became aware of a federal indictment that had been issued against him by federal authorities in Virginia.  (*Id*.)  On February 14, 2004, Petitioner was extradited to federal court in Virginia,[2] to face the federal charges pending against him.  (*Id*.)  On October 22, 2004, Petitioner pled guilty in Virginia federal court to one count of mail fraud and one count of conspiracy to commit mail fraud.  (*Id*. at 3, 6.)  As a result of his guilty plea, on October 26, 2004, Petitioner was sentenced to sixty (60) months imprisonment on the conspiracy charge and eleven (11) months imprisonment on the mail fraud charge, to run consecutively.  (*Id*. at 2-3, 6.)  Petitioner was returned to Pennsylvania from Virginia on November 24, 2004.  (*Id*. at 4.)

On April 7, 2005, Petitioner filed a habeas petition in the United States District

---

[2]Although the specific location of the court is not set forth in the record, the proceedings appear to have transpired in the United States District Court for the Eastern District of Virginia, Norfolk Division.  (*See* Doc. 1 at 6.)

Court for the Eastern District of Virginia under 28 U.S.C. § 2241, requesting relief on several grounds. The Eastern District of Virginia concluded that the petition raised issues properly filed in a § 2241 habeas petition, as well as issues properly presented in a § 2255 motion. Thereafter, the § 2255 issues were dismissed by an order dated April 15, 2005, and the court advised Petitioner that he could pursue such claims before the sentencing court. (*Id*. at 6.) Subsequently, the § 2241 issues were dismissed in an amended order dated April 28, 2005, and the court advised Petitioner that such claims must be brought in the Middle District of Pennsylvania. (*Id*. at 6-7.) The present action ensued. Since the claims set forth in the instant petition relate to Petitioner's extradition and sentencing, his habeas petition will be summarily dismissed without prejudice.

## III.  **Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). *See, e.g.*, *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

3

not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970); *accord U.S. ex rel. DeCreti v. Wilson*, 967 F. Supp. 303 (N.D. Ill. 1997). The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141.

Generally, a challenge to the validity of a federal conviction or sentence, or the court's jurisdiction must be brought in a § 2255 motion. *See United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir. 1999). Thus, Petitioner's proper avenue of relief is a § 2255 motion, filed in the district court where he was convicted, *see United States v. Hatcher*, 76 F. Supp. 2d 604 (E.D. Pa. 1999), unless the Petitioner can show that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (West Supp. 2000); *see also United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000).

The Third Circuit Court of Appeals has stated that such inadequacy or ineffectiveness is present, thereby allowing a § 2241 petition to substitute for a § 2255 motion, only where it is established " 'that some limitation of scope or procedure

4

would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.' " *Brooks*, 230 F.3d at 648 (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). "It is the inefficacy of the remedy, *not a personal inability to utilize it*, that is determinative . . . ." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986) (emphasis added). Petitioner has the burden of proving that § 2255 would be an inadequate or ineffective remedy, *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (citing *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000)), and § 2241 should not be used as a way of evading the gatekeeping provisions of § 2255. *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).

Section 2255 is clear in its requirement that a prisoner in custody under sentence of a federal court must file his collateral attack in "the court which imposed the sentence." 28 U.S.C. § 2255. Petitioner "could have raised his extradition claim in the sentencing court, either at the time of sentencing or thereafter in his motion to vacate the sentence under § 2255." *Quezadaruiz v. Nash*, 2005 WL 1398506, * 3 (D.N.J. June 14, 2005) (holding that "§ 2255 prohibits [a district court] from entertaining . . . an extradition claim under § 2241"). Therefore, Petitioner must proceed with a § 2255 motion in the sentencing court. If Petitioner has previously filed an unsuccessful § 2255 motion, he must seek permission to file a second § 2255 motion under §

2244(b)(3)(A).[3]  If he has sought such permission, and been denied, then this court must dismiss the present petition under 28 U.S.C. § 2244(a).[4]  Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the gatekeeping requirements of the section.  *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002).  At best, Petitioner can only demonstrate an inability to utilize the § 2255 remedy.  Since § 2255 is not inadequate or ineffective to test the legality of Petitioner's detention or sentence, the court will dismiss this § 2241 petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  An appropriate order will issue.

                                                 s/Sylvia H. Rambo
                                                 SYLVIA H. RAMBO
                                                 United States District Judge

Dated:  July 1, 2005.

---

[3] 28 U.S.C. § 2244(b)(3)(A) states:

  Before a second or successive application permitted by this section is filed in the district
  court, the applicant shall move in the appropriate court of appeals for an order
  authorizing the district court to consider the application.

[4] 28 U.S.C. § 2244(a) states:

  No circuit or district judge shall be required to entertain an application for a writ of
  habeas corpus to inquire into the detention of a person pursuant to a judgment of a court
  of the United States if it appears that the legality of such detention has been determined
  by a judge or court of the United States on a prior application for a writ of habeas
  corpus, except as provided in Section 2255.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK T. MANUEL, Jr.,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-05-1130 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **FRANK D. GILLIS, Superintendent,** | : | |
| | : | |
| Respondent | : | |

## O R D E R

**AND NOW, THEREFORE,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1) The petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** without prejudice to any right Petitioner may have to seek relief under 28 U.S.C. § 2255, or to seek an order authorizing the district court to consider a successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3)(A).

2) The Clerk of Court is directed to close this case.

3) There is no basis for the issuance of a certificate of appealability.

                                        s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated: July 1, 2005.